UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| MAMNOON AHMAD KHAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 22-cv-11893 |
| | ) | |
| SEDGWICK CLAIMS MANAGEMENT SERVICES, INC., KIM HOTTEL, COLLEEN VAN TUYL, DAVE NORTH, MICHAEL ARBOUR, THE CARLYLE GROUP, INC. and NATHAN URQUHART, | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS' NOTICE OF REMOVAL
TO THE UNITED STATES DISTRICT COURT**

Defendants Sedgwick Claims Management Services, Inc., Kim Hottel, Colleen Van Tuyl, Dave North, Michael Arbour, the Carlyle Group, Inc. and Nathan Urquhart hereby give notice that they are removing this case from the Superior Court of the Commonwealth of Massachusetts, County of Norfolk, to this Court.  Removal is based on 28 U.S.C. §§ 1332(a), and the following:

**The State Court Proceedings**

1.	On or about September 14, 2022, Plaintiff Mamnoon Ahmad Khan filed a Complaint in the Superior Court of the Commonwealth of Massachusetts, County of Norfolk.  The case is titled *Mamnoon Ahmad Khan v. Sedgwick Claims Management Services, Inc. et al..*, Norfolk Superior Court, Civil Action No. 2282-CV-00853.  Copies of the Complaint and Summonses are appended hereto at Tab A.

2. Defendants were served with the Complaint and Summonses on October 17, 2022. Therefore, this Notice of Removal is properly filed within 30 days after service of the Complaint and Summonses on Defendants.

3. This is an employment discrimination suit. According to the allegations in the Complaint, Defendants discriminated against Plaintiff based on race and religion and retaliated against him for engaging in protected conduct.

4. The parties are of diverse citizenship:

   (a) Plaintiff Mamnoon Khan is a resident of the Commonwealth of Massachusetts (Compl., ¶ 1);

   (b) Defendant Kim Hottel is a resident of the State of New Jersey (see Declaration of Anthony L. DeProspo, Jr. ("DeProspo Decl."), appended hereto at Tab B, ¶ 2);

   (c) Defendant Colleen Van Tuyl is a resident of the State of Ohio (see DeProspo Decl., ¶ 3);

   (d) Defendant Sedgwick Claims Management Services, Inc. is incorporated in the State of Illinois (see DeProspo Decl., ¶ 4);

   (e) Defendant Dave North is a resident of the State of Tennessee (see DeProspo Decl., ¶ 5);

   (f) Defendant Michael Arbour is a resident of State of Illinois (see DeProspo Decl., ¶ 6);

   (g) Defendant The Carlyle Group, Inc. is incorporated in the State of Delaware (see DeProspo Decl., ¶ 7); and

   (h) Defendant Nathan Urquhart is a resident of the State of New York (see DeProspo Decl., ¶ 8).

5. The Complaint and Civil Action Cover Sheet (Tab C) reveal that Plaintiff seeks compensatory damages in the amount of at least $50,000, attorneys' fees, costs and expert witness fees, compensatory damages for emotional distress, punitive damages under G.L. c. 151B, and pre-judgment and post-judgment interest. Based upon the nature of Plaintiff's claims

and claimed damages, the amount in controversy requirement of 28 U.S.C. § 1332 has been satisfied.

6. The Court's determination of the amount in controversy is not measured "by the low end of an open-ended claim, but rather by a reasonable reading of the value of the rights being litigated." Werwinski v. Ford Motor Co., 286 F.3d 661, 666 (3d Cir. 2002) (quoting Angus v. Shiley Inc., 989 F.2d 142, 146 (3d Cir. 1993)). In determining whether the "amount in controversy" requirement has been met, the First Circuit applies the "legal certainty" standard, which holds that remand is only appropriate if it "appear[s] to a legal certainty that the claim is really for less than the jurisdictional amount." Ortega v. Star-Kist Foods, Inc., 370 F.3d 124, 127 (1st Cir. 2004) (quoting St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 288-289 (1938)). Stated differently, in order for remand to be proper, it must be clear to a "legal certainty," from the face of the pleadings, that the plaintiff cannot recover an amount in excess of the jurisdictional minimum. Spielman v. Genzyme Corp., 251 F.3d 1, 5 (1st Cir. 2001); Coventry Sewage Assocs. v. Dworkin Realty Co., 71 F.3d 1, 6 (1st Cir. 1995). Based on the nature of Plaintiff's claimed injuries, the allegations of emotional distress, and the request for statutorily required payment of attorneys' fees, the amount in controversy can readily be seen to exceed $75,000.

7. As of this date, Defendants have not filed a responsive pleading.

8. This Notice of Removal is being filed in the United States District Court for the District of Massachusetts, which is the District Court of the United States for the district and division within which the state court action is pending, as required by 28 U.S.C. §§ 1446(a) and 1441(a).

9. Pursuant to 28 U.S.C. § 1446(d), written notice of the filing of this Notice of Removal will be sent to Plaintiff's counsel, and a copy of the Notice of Removal will be filed

with the Clerk of the Superior Court of the Commonwealth of Massachusetts, in the form attached hereto at <u>Tab D</u>.

10. By removing this action to this Court, Defendants do not waive any defenses, objections or motions available to them under state or federal law.  Defendants expressly reserve the right to move for dismissal of Plaintiff's claims pursuant to Rule 12 of the Federal Rules of Civil Procedure.

11. This Notice of Removal is signed pursuant to Rule 11 of the Federal Rules of Civil Procedure, as required by 28 U.S.C. § 1446(a).

    Respectfully submitted,

    SEDGWICK CLAIMS MANAGEMENT SERVICES, INC., KIM HOTTEL, COLLEEN VAN TUYL, DAVE NORTH, MICHAEL ARBOUR, THE CARLYLE GROUP, INC. and NATHAN URQUHART,

    By their attorneys,

    *Anthony L. DeProspo, Jr.*
    Brian D. Carlson (BBO #566868)
    Anthony L. DeProspo, Jr. (BBO #644668)
    Ali Khorsand (BBO #675060)
    SCHWARTZ HANNUM PC
    11 Chestnut Street
    Andover, MA 01810
    Telephone: (978) 623-0900
    Facsimile:  (978) 623-0908
    bcarlson@shpclaw.com
    adeprospo@shpclaw.com
    akhorsand@shpclaw.com

Date:  November 9, 2022

## CERTIFICATE OF SERVICE

    I, Anthony L. DeProspo, Jr., hereby certify that on the 9th day of November, 2022, I caused a true and correct copy of the foregoing document to be served via email upon counsel for Plaintiff:

>Suzanne L. Herold
>Herold Law Group, P.C.
>50 Terminal Street
>Building 2, Suite 716
>Charlestown, MA 02129
>suzie@heroldlawgroup.com

                              /s/ *Anthony L. DeProspo, Jr.*
                                Anthony L. DeProspo, Jr.