UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| MAMNOON AHMAD KHAN, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | Civil Action No. 22-cv-11893-ADB |
| | * | |
| SEDGWICK CLAIMS MANAGEMENT SERVICES, INC., and KIM HOTTEL, | * | |
| | * | |
| Defendants. | * | |

# MEMORANDUM AND ORDER

BURROUGHS, D.J.

Before the Court are six motions in limine filed by Defendants.[1] The motions are resolved as follows:

Defendants' Motion in Limine to Exclude Evidence Concerning Dismissed Claims, [ECF No. 130], is **GRANTED IN PART** and **DENIED IN PART**. Defendants seek to exclude evidence of discrimination experienced by Plaintiff prior to Sedgwick's acquisition of York, Plaintiff's previous employer. Plaintiff argues that such evidence is relevant to (1) his damages and (2) the causal relationship between Defendants' alleged conduct and those damages.

---

[1] Two motions in limine remain outstanding. The Court will rule on Defendants' Motion in Limine as to Non-Expert Testimony by Plaintiff's Treating Psychiatrist, [ECF No. 129], when it decides Defendants' Motion to Disqualify Dr. Joshua Kriegel as Plaintiff's Expert, [ECF No. 138]. The Court will rule on Defendants' Motion in Limine to Exclude Evidence Concerning Claims Dismissed at Summary Judgment, [ECF No. 153], after Plaintiff's time to oppose the motion has expired.

Damages for emotional distress can be awarded under Mass. Gen. Laws ch. 151B, e.g., Charles v. Leo, 135 N.E.3d 252, 267 (Mass. App. Ct. 2019), and, generally speaking, a party is liable "for the full extent to which he worsened [a plaintiff's] mental health" even when a prior mental illness exacerbated that harm, Perna v. Martinez, No. 17-cv-11643, 2021 WL 1210357, at *9 (D. Mass. Mar. 31, 2021) (citing Figueroa-Torres v. Toledo-Davila, 232 F.3d 270, 275 (1st Cir. 2000)). Thus, Plaintiff may present evidence that is relevant to the damages he suffered as a result of Defendants' alleged misconduct and the causal relationship between that misconduct and the alleged damages. On the other hand, he may not introduce evidence preceding Sedgwick's acquisition of York for purposes of showing Sedgwick's liability. The precise delineation of permissible and impermissible evidence will be resolved by objection at trial.

Defendants' Motion in Limine to Exclude Evidence of Claims Raised by Plaintiff for the First Time at Summary Judgment, [ECF No. 131], is **DENIED**. Both claims referenced by Defendants are adequately identified in the complaint. The presentation of evidence on these topics will not constitute undue or unfair surprise. Nor will allowing Plaintiff to proceed on these theories prejudice Defendants.

Defendants' Motion in Limine to Exclude Evidence Concerning Plaintiff's Claims Abandoned at Summary Judgment, [ECF No. 132], is **DENIED**. In support of their motion, Defendants direct the Court to Plaintiff's responses to Defendants' statement of material facts at the summary judgment stage. On Defendants' showing, the Court will not infer that Plaintiff abandoned any of his ultimate legal claims based on factual admissions that Plaintiff made "for purposes of the [summary judgment motion]," L.R. 56.1. Defendants may dispute the admissibility and credibility of Plaintiff's evidence by the usual methods at trial.

Defendants' Motion in Limine to Exclude Inadmissible Hearsay Evidence, [ECF No. 133], is **GRANTED IN PART** and **DENIED IN PART**.  Improper hearsay evidence will not be allowed at trial.  Should any party attempt to admit such testimony, the other party may object, at which time the Court will rule on the objection with the benefit of context.

Defendants' Motion in Limine to Exclude Evidence Concerning Claims Asserted in Plaintiff's Separate Lawsuit, [ECF No. 134], is **GRANTED**.  There are no claims related to disability at issue in this lawsuit.  Plaintiff may test his disability claims in the second case between these parties.

Defendants' Motion in Limine to Exclude Evidence Concerning Plaintiff's Leave of Absence and Subsequent Termination of Employment, [ECF No. 135], is **GRANTED IN PART** and **DENIED IN PART**.  Plaintiff may present evidence that he took leave and was subsequently terminated.  He may not present evidence concerning his treatment while on leave or concerning the substance of any emails or letters that he may have sent.

**SO ORDERED.**

November 5, 2025                                              */s/ Allison D. Burroughs*
                                                              ALLISON D. BURROUGHS
                                                              U.S. DISTRICT JUDGE