UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| MAMNOON AHMAD KHAN, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | Civil Action No. 22-cv-11893-ADB |
| | * | |
| SEDGWICK CLAIMS MANAGEMENT SERVICES, INC., and KIM HOTTEL, | * | |
| | * | |
| Defendants. | * | |

## MEMORANDUM AND ORDER

BURROUGHS, D.J.

Before the Court are Defendants' Motion in Limine as to Non-Expert Testimony by Plaintiff's Treating Psychiatrist, [ECF No. 129], Defendants' Motion to Disqualify Dr. Joshua Kriegel as Plaintiff's Expert, [ECF No. 138], and Defendants' Motion in Limine to Exclude Evidence Concerning Claims Dismissed at Summary Judgment, [ECF No. 153].

## I. DEFENDANTS' MOTION IN LIMINE AS TO NON-EXPERT TESTIMONY BY PLAINTIFF'S TREATING PSYCHIATRIST

Defendants' Motion in Limine as to Non-Expert Testimony by Plaintiff's Treating Psychiatrist, [ECF No. 129], is **DENIED**. Rule 701 of the Federal Rules of Evidence "does not distinguish between expert and lay witnesses, but rather between expert and lay testimony." Fed. R. Evid. 701 advisory committee's note to 2000 amendment. Dr. Kriegel, "a percipient witness who happens to be an expert," Downey v. Bob's Discount Furniture Holdings, Inc., 633 F.3d 1, 6 (1st Cir. 2011), may present lay testimony on his firsthand observations and conclusions drawn

therefrom without being admitted as an expert. He may testify, for example, that from his treatment of Plaintiff he concluded that Plaintiff suffers from post-traumatic stress disorder. If, however, Dr. Kriegel wishes to rely on his "scientific, technical, or other specialized knowledge," Fed. R. Evid. 701(c), to offer opinions related to events that he did not witness, such as what caused Plaintiff's PTSD, he will be required to be qualified as an expert witness, consistent with the relevant rules of evidence. See Paul F. Rothstein, Rule 701. Opinion Testimony by Lay Witnesses, in Federal Rules of Evidence (2025 ed.) (collecting cases).

## II. DEFENDANTS' MOTION TO DISQUALIFY DR. JOSHUA KRIEGEL AS PLAINTIFF'S EXPERT

Defendants' Motion to Disqualify Dr. Joshua Kriegel as Plaintiff's Expert, [ECF No. 138], is **DENIED** with leave to renew at trial if warranted. On the record before the Court, Dr. Kriegel appears only to have drawn the conclusion that Plaintiff suffers from PTSD related to cumulative experiences over ten years in the workplace, see [ECF No. 138-1], including, at least in part, an incident with a coworker that involved a knife, see [ECF No. 138-2 at 9, 12, 14, 18]. Dr. Kriegel's specialized training and knowledge, his role as Plaintiff's treating psychiatrist, and the evidence he received through his treatment of Plaintiff together appear adequate to support his expert opinion. See Fed. R. Evid. 702. Even if those experiences predated Plaintiff's employment at Sedgwick, they are relevant for purposes of damages, as the Court articulated in its disposition of Defendants' Motion in Limine to Exclude Evidence Concerning Dismissed Claims, [ECF No. 130 (motion)]; [ECF No. 154 (order on the motion)]. On the other hand, the fact that he is Plaintiff's treating psychiatrist does not free him of the requirements of Rule 702 of the Federal Rules of Evidence, which will govern his testimony assuming that he is admitted

as an expert.  If Dr. Kriegel's testimony at trial exceeds the limited conclusion stated above and does not satisfy those requirements, Defendants may renew their objection.

## III. DEFENDANTS' MOTION IN LIMINE TO EXCLUDE EVIDENCE CONCERNING CLAIMS DISMISSED AT SUMMARY JUDGMENT

Defendants' Motion in Limine to Exclude Evidence Concerning Claims Dismissed at Summary Judgment, [ECF No. 153], is **DENIED**.  Given that Plaintiff raised a multitude of discrete allegations of mistreatment by Defendants, the Court's discussion of genuinely disputed issues of material fact in its Memorandum and Order on Defendants' Motion for Summary Judgment, [ECF No. 148 at 17], was not exhaustive.  Rather, it served to illustrate several of the genuinely disputed issues of material fact which, if proven, could support a verdict for Plaintiff, thus preventing the Court from granting summary judgment to Defendants.  Further, employment discrimination lawsuits often turn on indirect or circumstantial evidence, see Sullivan v. Liberty Mut. Ins. Co., 825 N.E.2d 522, 530 (Mass. 2005), and the Court will not prevent Plaintiff from introducing evidence that may have circumstantial value to Plaintiff's ultimate theories of liability, even where the Court concluded at summary judgment that the same evidence did not provide direct proof of a specific element of a claim.  As such, the Court's summary judgment decision alone will not preclude Plaintiff from introducing otherwise admissible evidence subject to appropriate objections at trial.

**SO ORDERED.**

November 17, 2025    /s/ Allison D. Burroughs
　　　　　　　　　　　　　　　ALLISON D. BURROUGHS
　　　　　　　　　　　　　　　U.S. DISTRICT JUDGE